IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 15-01-GF-BMM |
| --- | --- |
| Plaintiff/Respondent, | CV 18-55-GF-BMM |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| BRANDON RAY BUCKLES, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Brandon Ray Buckles' motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Buckles is a federal prisoner proceeding pro se.

**I. Preliminary Review**

The Court first must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the

1

respondent by ordering an unnecessary answer, Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings (*citing* Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases).

## II. Background

A grand jury indicted Buckles on January 7, 2015, on one count of sexual abuse in violation of 18 U.S.C. § 2242(2)(B) (Count 1), and two counts of making a false statement to a federal officer in violation of 18 U.S.C. § 1001 (Counts 2 and 3). Jurisdiction arose under the Major Crimes Act, 18 U.S.C. § 1153(a). All three counts involved one victim, B. Count 1 alleged that Buckles engaged in a sexual act with B. on or about June 26, 2010, when she was physically incapable of consent. Counts 2 and 3 alleged that Buckles lied to FBI Agent Golob on July 16, 2010, and to Agent Burns on October 7, 2014, by saying he did not have sexual contact with B. on or about June 26, 2010. (Doc. 1 at 2-3.) Attorney Paul Gallardo represented Buckles. (Doc. 15.)

Trial commenced on June 1, 2015. (Doc. 69.) The jury found Buckles guilty on all three counts. (Doc. 81.) Before sentencing, the Court granted Buckles's Rule 29 motion, in part, and, acquitted him of Count 2. (Doc. 93.)

The Court sentenced Buckles to serve 125 months in prison on Count 1 and 96 months on Count 3, concurrently, followed by a five-year term of supervised release. (Doc. 98); (Doc. 99 at 2-3.)

Buckles appealed. He challenged the materiality of the false statement underlying Count 3 and an evidentiary ruling excluding evidence of his prior sexual relationship with B. On December 12, 2016, The Ninth Circuit rejected his claims and affirmed his convictions on December 12, 2016. (Doc. 118 at 2-3); *United States v. Buckles*, No. 15-30257 (9th Cir. 2016).

Buckles's conviction became final on March 12, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on March 7, 2018. (Doc. 120 at 12); 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Buckles claims that his counsel provided ineffective in various respects. *Strickland v. Washington*, 466 U.S. 668 (1984) governs these claims. At this stage of the proceedings, Buckles must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, and (2) that a reasonable probability exists that, but for counsel's unprofessional performance, the result of the proceeding would have been different. *Id.* at 687-88, 694.

**A. Indian Status**

The indictment invoked jurisdiction under the Indian Major Crimes Act, 18 U.S.C. § 1153(a). Section 1153 confers federal jurisdiction over certain offenses,

3

including first- and second-degree murder, committed in "Indian country," *see id.* § 1151, by "[a]ny Indian," *id.* § 1153(a). The United States had to prove, beyond reasonable doubt, that Buckles was an Indian. *See United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009). No statute defines who counts as an "Indian person."

At the time of Buckles' trial, the Ninth Circuit's test required the United States to prove the following elements:

(1) the defendant had a quantum of Indian blood traceable to a federally recognized tribe; and

(2) the defendant was a member of, or was affiliated with, a federally recognized tribe.

*See United States v. Maggi*, 598 F.3d 1073, 1080-81 (9th Cir. 2010), *overruled in part by United States v. Zepeda*, 792 F.3d 1103, 1106-07, 1113 (9th Cir. 2015) (en banc) (issued after Buckles' trial); *see also United States v. Bruce*, 394 F.3d 1215, 1223-24 (9th Cir. 2005).

Counsel stipulated that Buckles was an "Indian" within the meaning of 18 U.S.C. § 1153(a). Buckles claim that he should have contested the element because Buckles has been denied benefits and per capita payments, the Bureau of Indian Affairs does not recognize him as an Indian, and his blood quantum does not permit him to be a full member of the Assiniboine and Sioux Tribes of the Fort Peck Indian Reservation. (Doc. 120 at 4); (Doc. 121 at 12-17); (Doc. 121-1 at 3); (Doc. 127 at 4 ¶ D, 8.)

4

Buckles's tribal enrollment certificate showed a blood quantum of 5/16 Indian, consisting of 3/16 Assiniboine and Sioux and 1/8 unknown other tribe. (Doc. 121-1 at 3); (Doc. 121 at 14.) Five-sixteenths is "well in excess of the 1/8 . . . approved in *Bruce* and *Maggi*." *United States v. Smith*, 442 Fed. Appx. 282, 284 (9th Cir. July 8, 2011). The first prong of the *Maggi* test was met.

The certificate also satisfied the second prong of the test. In *Smith*, the court considered whether an associate member of the Fort Peck Tribes who had relinquished his membership years before trial nonetheless qualified as an Indian. The court determined that evidence "that Smith at one time enjoyed formal tribal enrollment," even as an associate member, was "the most important indicator of tribal recognition of a defendant's Indian status," although he had altered his enrollment status. *See Smith*, 442 Fed. Appx. at 284.

Buckles reasonably could have contested the issue of Indian status. An enrolled tribal member, even one with fewer rights and privileges than others, is by definition "affiliated with" a tribe. The Ninth Circuit may one day decide the second prong of the test requires a stronger affiliation than associate membership in the Fort Peck Tribes. The Ninth Circuit has never determined, however, that an enrolled tribal member is *not* an Indian. *See, e.g.*, *Zepeda*, 738 F.3d 201, 214 (9th Cir. 2013) (declining to consider "whether the tribal enrollment certificate alone was sufficient to carry the government's burden as to the second prong.");

*overruled*, 792 F.3d at 1115-16 (holding that enrollment certificate and testimony that father was an Indian met both prongs of the test).

Counsel's performance was not unreasonable. *See United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003). As the first prong of the *Strickland* test is not met, there is no need to consider the second. *Strickland*, 466 U.S. at 697. This claim is denied.

### B. DNA Evidence

Buckles claims that counsel should have challenged the forensic evidence. Buckles notes that he did not possess the trial transcript when he prepared his motion. (Doc. 121 at 17 n.7.) Not surprisingly, Buckles does not accurately describe the forensic testimony presented at trial.

B.'s panties contained sperm. Dr. Davis could not exclude Buckles as the major contributor of the DNA in the panties. Dr. Davis excluded "99.99 percent of the rest of the world." After explaining random-match probabilities, Dr. Davis agreed that Buckles's DNA was a "match" with DNA in B.'s panties. She found another, minor contributor of DNA in the panties as well, but it was not B.'s boyfriend Morales. (Doc. 112 at 30:22-34:1.)

Dr. Davis found semen in B.'s vaginal swabs. Dr. Davis could identify only B.'s DNA. (Doc. 112 at 35:16-19.) Dr. Davis also found B.'s DNA in a swab taken from Buckles's penis. Another, minor contributor appeared and was

6

consistent with B.'s sister J, but the sample was too small to identify J. with the same high degree of certainty that Dr. Davis had about B.'s DNA. (Doc. 112 at 37:1-40:13.)

Buckles asserts that counsel should have objected to Dr. Davis's testimony that DNA on a swab taken from his penis "was" B.'s DNA, "when the results only could not exclude" her. He also contends that counsel should have moved for another DNA sample from J. to improve the chance of a more conclusive result. (Doc. 120 at 5); (Doc. 121 at 17-22); (Doc. 121-1 at 5-18); (Doc. 127 at 3 ¶ B, 4-6.)

Dr. Davis explained, however, that nonexclusion is what DNA analysts mean by a match. DNA analysts do not say someone cannot be excluded unless the DNA sample proves large enough to support a statistically meaningful result. *See, e.g.*, (Doc. 112 at 22:13-23:21.) And further testing showing J. contributed the smaller sample of DNA would not exclude B. as the major contributor.

Finally, counsel pointed out to the jury that Dr. Davis found no semen or foreign DNA in other samples. *Compare, e.g.*, (Doc. 121 at 19-22) *with* (Doc. 112 at 51:5-53:22.) He also suggested DNA transfers might explain why Buckles' DNA was found amid a semen stain on B.'s underwear and B.'s DNA was found on Buckles' penis. (Doc. 112 at 41:16-48:4.) He did as much as anyone could to undermine the persuasive force of the forensic evidence.

7

Neither prong of the *Strickland* test is met. This claim is denied.

**C. Impeaching B.**

Buckles contends that counsel should have introduced evidence that B. falsely had accused another person in 2005 of raping her and that B. fraudulently had obtained social security benefits in 2009. He also avers his cell phone records would have undermined B.'s testimony about whether and when she used Buckles's phone and a previous incident involving Buckles's sister Chantelle might have provided a motive for B. to lie. All this evidence, he says, could have persuaded the jury to disbelieve B.'s trial testimony. (Doc. 120 at 6); (Doc. 121 at 22-2)6; (Doc. 123 at 4-5) (under seal); (Doc. 127 at 3 ¶ C, 6-8.)

Counsel challenged B.'s credibility by using words from B.'s own mouth. *See, e.g.*, (Doc. 112 at 200:20-202:20.) The other matters that Buckles describes appear less compelling. *See, e.g.*, *United States v. Frederick*, 683 F.3d 913, 915-20 (8th Cir. 2014) (discussing cases).

Regardless, B.'s credibility was less significant than Buckles suggests. Buckles told FBI agents that he went into B.'s bedroom to look for his phone and did nothing more than pull a blanket up over her and Morales. At trial, he told the jury he also went through B.'s and Morales' pockets. Dr. Davis testified that she found Buckles's DNA in B.'s underwear and that B.'s DNA was on his penis. Counsel provided the jury what it needed to explain away the forensic evidence

8

during closing argument. *See, e.g.*, (Doc. 112 at 167:7-15, 199:3-8, 202:21-205:18, 206:17-207:3.)

Counsel's performance was not unreasonable. Even if counsel taken the steps that Buckles now claims he should have, no reasonable probability of an acquittal exists. Neither prong of the *Strickland* test is met. This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to claims on which the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), provided "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Buckles's claims meet the relatively low threshold for a COA by making a substantial showing of denial of a constitutional right. Therefore, a COA is warranted here.

Accordingly, IT IS HEREBY ORDERED:

1. Buckles' motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 120, 121, 123, 127) is DENIED.

2. A certificate of appealability is GRANTED as to Buckles ineffective assistance of counsel claims. The Clerk of Court shall immediately process the appeal if Buckles files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-55-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Buckles.

DATED this 27th day of September, 2018.

Brian Morris
United States District Court Judge