IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON RAY BUCKLES,<br><br>Defendant. | CR 15-01-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |
|---|---|

## I. Synopsis

Defendant Brandon Ray Buckles (Buckles) has been accused of violating conditions of his supervised release. (Docs. 170 and 172). Buckles admitted to the alleged violations. Buckles' supervised release should be revoked. Buckles should be sentenced to custody for a term of 4 months on Count 1, with 52 months of supervised release to follow and to a term of 4 months on Count 3, with 28 months of supervised release to follow. Both the custodial and supervised release terms shall run concurrently.

## II. Status

Buckles was found guilty on June 2, 2015, following a jury trial of the offenses of Sexual Abuse, in violation of 18 U.S.C. § 1153(a) and § 2242(2)(B) as charged

in Count 1 of the Indictment and False Statement to a Federal Officer, in violation of 18 U.S.C. §1001(a)(2) as charged in Count 3 of the Indictment. (Doc.74). Buckles was sentenced to 125 months of custody followed by 5 years of supervised release on Count 1 and to 96 months of custody followed by 3 years of supervised release on Count 3, with both the custodial and supervised release terms to run concurrently. (Doc. 99). Buckles' current term of supervised release began on February 23, 2024.

**Petition**

On August 21, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Buckles' supervised release. (Doc. 170). The Petition alleged Buckles violated conditions of his supervised release by: (1) failing to report for his scheduled sex offender treatment appointment on August 13, 2024; (2) failing to comply with substance abuse testing requirements by failing to report for removal and reapplication of his sweat patch on August 13, 2024; (3) failing to report for his scheduled sex offender treatment appointment on August 20, 2024; (4) failing to comply with substance abuse testing requirements by failing to report for removal and reapplication of his sweat patch on August 20, 2024; and (5) failing to enter and successfully complete an outpatient sex offender treatment program by being terminated from sex offender treatment on August 20, 2024.

**Amended Petition**

On August 28, 2024, the United States Probation Office filed an Amended Petition. (Doc. 172). The Amended Petition alleged Buckles violated the conditions of his supervised release by the added violation of: (6) failing to refrain from the unlawful use of a controlled substance by testing positive for methamphetamine on August 28, 2024.

**Initial Appearance**

Buckles appeared before the Court on September 10, 2024. Buckles was represented by counsel. Buckles stated that he had read the Amended Petition and that he understood the allegations against him. Buckles waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Buckles appeared before the Court on September 10, 2024. Buckles admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (1) failing to report for his scheduled sex offender treatment appointment on August 13, 2024; (2) failing to comply with substance abuse testing requirements by failing to report for removal and reapplication of his sweat patch on August 13, 2024; (3) failing to report for his scheduled sex offender treatment appointment on August 20, 2024; (4) failing to comply with substance abuse testing requirements by failing to report for removal and reapplication of his sweat patch on August 20, 2024;

(5) failing to enter and successfully complete an outpatient sex offender treatment program by being terminated from sex offender treatment on August 20, 2024; and (6) failing to refrain from the unlawful use of a controlled substance by testing positive for methamphetamine on August 28, 2024. Buckles' violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Buckles appeared before the Court on September 10, 2024. Buckles' violations are a Grade C. His criminal history category is I. Buckles' underlying offense in Count 1 is a Class A felony and in Count 3 is a Class D felony. Buckles could be incarcerated for up to 60 months on Count 1 and for up to 24 months on Count 3. Buckles could be ordered to remain on supervised release for 56 months less any custody time on Count 1 and for 32 months less any custody time on Count 3. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Buckles' supervised release should be revoked. Buckles should be sentenced to custody for a term of 4 months on Count 1 and 4 months on Count 3, followed by 52 months of supervised release on Count 1 and 28 months of supervised release on Count 3, with both the custodial terms and the supervised release terms to run concurrently. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Buckles that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Buckles of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Buckles that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That BRANDON RAY BUCKLES. has violated the conditions of his supervised release by: (1) failing to report for his scheduled sex offender treatment appointment on August 13, 2024; (2) failing to comply with substance abuse testing requirements by failing to report for removal and reapplication of his sweat patch on August 13, 2024; (3) failing to report for his scheduled sex offender treatment appointment on August 20, 2024; (4) failing to comply with substance abuse testing requirements by failing to report for removal and reapplication of his sweat patch on August 20, 2024; (5) failing to enter and successfully complete an outpatient sex offender treatment program by being terminated from sex offender treatment on August 20, 2024; and (6) failing to refrain from the unlawful use of a controlled substance by testing positive for methamphetamine on August 28, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Buckles' supervised release and sentence Buckles to custody for a term of for a term of 4 months on Count 1 and 4 months on Count 3, followed by 52 months of supervised release on Count 1 and 28 months of supervised release on Count 3, with both the custodial terms and the supervised release terms to run concurrently.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 13th day of September 2024.

John Johnston
United States Magistrate Judge