IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br><br>BRANDON RAY BUCKLES,<br><br>Defendant. | CR-15-01-GF-BMM<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on May 14, 2025. (Doc. 191.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on May 13, 2025 (Doc. 187.) The United States accused Brandon Buckles (Buckles) of violating the conditions of his supervised release by: (1) using methamphetamine on or about January 4, 2025; (2) failing to report to his probation officer as instructed on January 21, 2025 and February 4, 2025; (3) using methamphetamine on January 25, 2025; (4) failing

to comply with a home inspection on January 15, 2025, January 22, 2025 and January 31, 2025; and (5) failing to secure employment since his release from custody in December of 2024; and (6) using methamphetamine on May 4, 2025 (Docs. 183 and 186.)

At the revocation hearing, Buckles admitted he had violated the conditions of his supervised by: (1) using methamphetamine on or about January 4, 2025; (2) failing to report to his probation officer as instructed on January 21, 2025 and February 4, 2025; (3) using methamphetamine on January 25, 2025; (4) failing to comply with a home inspection on January 15, 2025, January 22, 2025 and January 31, 2025; (5) failing to secure employment since his release from custody in December of 2024; and and (6) using methamphetamine on May 4, 2025 . (Doc. 187.)

Judge Johnston found that the violations Buckles admitted proves serious and warrants revocation of Buckles's supervised release and recommends a term of custody until July 23, 2025 on Count 1, with 49 months of supervised release to follow and a term of custody until July 23, 2025 on Count 3, with 25 months of supervised release to follow both to run concurrently. Judge Johnston also recommended that Buckles be placed in a residential re-entry facility, directed by his probation officer, for the first 180 days of his supervised release. (Doc. 191.)

The Court advised Buckles of his right to appeal and to allocute before the undersigned and he waived those rights. (Doc. 90.)

The violation proves serious and warrants revocation of Buckles's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 191) are **ADOPTED IN FULL. IT IS FURTHER ORDERED** that Brandon Ray Buckles be sentenced to a term of custody until July 23, 2025 on Count 1, with 49 months of supervised release to follow and a term of custody until July 23, 2025 on Count 3, with 25 months of supervised release to follow both to run concurrently. Buckles shall be placed in a residential re-entry facility, directed by his probation officer, for the first 180 days of his supervised release.

DATED this 20th day of May 2025.

_____
Brian Morris, Chief District Judge
United States District Courts