IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-01-GF-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BRANDON RAY BUCKLES, | |
| Defendant. | |

## I.    Synopsis

Defendant Brandon Ray Buckles (Buckles) has been accused of violating conditions of his supervised release. (Doc. 199 and 207). Buckles admitted to the alleged violations during the revocation hearing held on February 24, 2026.  The Court recommended that Buckles' supervised release be revoked, and Buckles should be sentenced to custody for 8 months, with no term of supervised release to follow on Count 1 and to a term of custody for 8 months, with no term of supervised release to follow on Count 3, with the custodial terms to run concurrently.  Following the revocation hearing, the Government filed an "Unopposed Motion to Amend Recommendation" (Doc. 214) requesting the Court amend its recommendation to

reflect a custodial sentence of six months with no supervised release to follow.  The Court agrees to do so.

## II.    Status

Buckles was found guilty on June 2, 2015, following a jury trial, of the offenses of Sexual Abuse, in violation of 18 U.S.C. § 1153(a) and § 2242(2)(B) as charged in Count 1 of the Indictment and False Statement to a Federal Officer, in violation of 18 U.S.C. §1001(a)(2) as charged in Count 3 of the Indictment. (Doc.74).  Buckles was sentenced to 125 months of custody followed by 5 years of supervised release on Count 1 and to 96 months of custody followed by 3 years of supervised release on Count 3, with both the custodial and supervised release terms to run concurrently.  (Doc. 99).  Buckles' current term of supervised release began on July 23, 2025.

### Petition

On January 21, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Buckles' supervised release. (Doc. 199). The Petition alleged Buckles violated conditions of his supervised release by: (1) testing positive for methamphetamine on December 27, 2025; (2) failing to report for substance abuse testing on December 30, 2025; (3) failing to report for sex offender treatment on January 8, 2026; (4) using methamphetamine on January 16, 2026; and (5) consuming alcohol on January 16, 2026.

**Initial Appearance**

Buckles appeared before the Court on January 28, 2026.  Buckles was represented by counsel. Buckles stated that he had read the Petition and that he understood the allegations against him. Buckles waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Buckles appeared before the Court on January 28, 2026. Buckles admitted that he had violated the conditions of supervised release as set forth in allegations 1-5 in the Petition. The Court continued sentencing until March 24, 2026 at 1:30 p.m.

**Amended Petition**

On February 6, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Buckles' supervised release. (Doc. 207). The Amended Petition alleged Buckles violated conditions of his supervised release by the added violations of: (6) using methamphetamine on February 3, 2026; and (7) consuming alcohol on February 3, 2026.

**Second Revocation Hearing**

Buckles appeared before the Court on February 24, 2026.  The Court noted that Buckles had previously admitted to violating the conditions of his supervised release as set forth as allegations 1-5 of the Amended Petition.  Buckles then

admitted to violating the conditions of his supervised release as set forth in allegations 6-7 of the Amended Petition. Buckles' violations, 1-7, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Buckles appeared before the Court on February 24, 2026, 2026. Buckles' violations are a Grade C. His criminal history category is I. Buckles' underlying offense in Count 1 is a Class A felony and in Count 3 is a Class D felony. Buckles could be incarcerated for up to 60 months on Count 1 and for up to 24 months on Count 3. Buckles could be ordered to remain on supervised release for 60 months less any custody time on Count 1 and for 36 months less any custody time on Count 3. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Buckles' supervised release should be revoked. Buckles should be sentenced to custody for 6 months on Count 1, with no term of supervised release to follow and to a term of custody for 6 months on Count 3, with no term of supervised release to follow. Both the custodial and supervised release terms shall run concurrently. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Buckles that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Buckles of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Buckles that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Buckles waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That BRANDON RAY BUCKLES. has violated the conditions of his supervised release by: : (1) testing positive for methamphetamine on December 27, 2025; (2) failing to report for substance abuse testing on December 30, 2025; (3) failing to report for sex offender treatment on January 8, 2026; (4) using methamphetamine on January 16, 2026; (5) consuming alcohol on January 16, 2026; (6) using methamphetamine on February 3, 2026; and (7) consuming alcohol on February 3, 2026.

The Court **RECOMMENDS:**

> That the District Court revoke Buckles' supervised release and sentence Buckles to custody for 6 months, on Count 1, with no term of supervised release to follow and to a term of custody for 6 months on Count 3, with no term of supervised release to follow. The custodial terms shall run concurrently.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of February 2026.

John Johnston
United States Magistrate Judge